UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| KAMIEL MOORE HARRISON, et al., | § | Civil Action No. 3:19-cv-02061-X |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff HomeVestors of America, Inc.'s (HomeVestors) motion for default judgment against defendant Leads for Homes, LLC (Leads for Homes). [Doc. No. 99]. For the reasons below, the Court **GRANTS** the motion for default judgment.

**I. Factual Background**

HomeVestors is in the business of buying and selling homes. Its business model relies in part on generating "leads" from homeowners interested in selling their homes, which it then provides to its franchisees for the purpose of initiating sales negotiations. When HomeVestors became aware that its leads were being acquired and monetized by a host of rival companies, it filed this suit against several of them, including Leads for Homes. HomeVestors accused Leads for Homes of fraud, racketeering under 18 U.S.C. § 1962(c), conversion, tortious interference with HomeVestors' contractual or business relations, civil conspiracy, and violating the Defend Trade Secrets Act.

1

On September 26, 2019, the Registered Manager of Leads for Homes was served with a summons. Leads for Homes failed to file any answer or responsive pleading, and never made an appearance in this case. Accordingly, HomeVestors requested an entry of default against Leads for Homes, which the clerk granted. HomeVestors now moves for a default judgment.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint, except regarding damages.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (recognizing that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *See U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true,

disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings for the judgment.[4]

### III. Analysis

The Court deems the facts on liability to be admitted. Here, HomeVestors served Leads for Homes with the complaint, and Leads for Homes has yet to respond. The application for a clerk's default was supported by an affidavit regarding service of process. While Rule 55 allows for hearings when a party has not appeared, it does not command them.[5] The Court will proceed without a hearing.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors. First, there are no material facts in dispute because Leads for Homes has not filed any responsive pleading. And the defendants who did appear have been dismissed following a joint motion for entry of agreed judgment, permanent injunction, and order of dismissal. Second, regarding substantial prejudice, Leads for Homes' failure to respond could bring adversarial

---

except regarding damages.").

[3] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[5] FED. R. CIV. PROC. 55(b)(2) (stating that a court "may conduct hearings").

3

proceedings to a halt and substantially prejudice HomeVestors but not Leads for Homes. Third, Leads for Homes' ongoing failure to respond or participate in this litigation clearly establishes grounds for the default. Fourth, regarding mistake or neglect, the Court has no reason to believe Leads for Homes is acting under a good faith mistake or excusable neglect. Fifth, a default judgment would not be unduly harsh in these circumstances because Leads for Homes was properly served, failed to appear, and is in default, which warrants a default judgment under Rule 55(b)(2). The sixth issue is whether the Court would grant a motion to set aside the default, and the Court is unaware of any basis to do so.

### B. Sufficiency of HomeVestors' Amended Complaint

Next, the Court must turn to the merits of HomeVestors' claims. Although Leads for Homes, by virtue of its default, is deemed to have admitted HomeVestors' well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[6] Having considered HomeVestors' amended complaint, the Court finds that these causes of action are sufficiently supported and that HomeVestors has thus established a viable claim for relief.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** HomeVestors' motion for default judgment against Leads for Homes. The Court will set a separate hearing to determine damages.

---

[6] *Nishimatsu*, 515 F.2d at 1206.

**IT IS SO ORDERED** this 18th day of October, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE